IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

JOANNA SIEBEN,

       Plaintiff,

v.                                  No. CIV 96-1822 BB/LFG

CITY OF ALBUQUERQUE, NEW
MEXICO; FIRE CHIEF CARLOS M.
DOMINGUEZ; DEPUTY CHIEF
JAY P. STAEDEN; and DEPUTY
CHIEF HAROLD GONZALES,

       Defendants.

## MEMORANDUM OPINION AND ORDER
## REVISING OPINION OF JUNE 23, 1997

THIS MATTER is before the Court on Plaintiff's motion to reconsider the Court's June 23, 1997, memorandum opinion and order insofar as it dismissed the claims against the individual Defendants pursuant to the New Mexico Human Rights Act, § 28-1-7(I) NMSA 1978. The Court having considered the briefs of counsel, FINDS the motion is legally correct and that it should be Granted in Part and Denied in Part.

## **Discussion**

Plaintiff seeks reconsideration of the Court's June 23, 1997, memorandum opinion and order dismissing the Title VII (42 U.S.C. § 2000 *et seq.*) and the New Mexico Human Rights Act (§ 28-1-1 *et seq.*) ["NMHRA"] claims against individual Defendants Dominguez, Staeden, and Gonzales on the grounds that § 28-1-8(I) of the NMHRA specifically renders it an unlawful employment practice for "any person or employer to" aid or abet a discriminatory act or retaliate against an employee for opposing an unlawful practice. Plaintiff argues the NMHRA expressly imposes liability on 'persons' as well as 'employers.' Thus, Plaintiff contends Defendants Dominguez, Staeden, and Gonzales, even if they are held not to be 'employers' under the Act, are subject to liability as 'persons' under the Act. Although Plaintiff offers no authority to demonstrate that the individuals should be liable under Title VII, she does argue that Magistrate Judge Puglisi's opinion in *Sanchez v. Mora-San Miguel Elec. Coop.*, No. CV 96-1430 RLP/WWD, slip op. (D.N.M. Mar. 24, 1997), supports her position as to the NMHRA.

In *Sanchez*, Judge Puglisi recognized that claims against individuals in their individual capacities are not appropriate under Title VII, citing *Haynes v. Williams*, 88 F.3d 898 (10th Cir. 1996). He then went on to point out that the difference in the language of the two statutes mandates further analysis:

2

> The NMHRA contains additional provisions, not found in Title VII, which define as unlawful practices by both employers and individuals. ... "Persons" are not synonymous with "employers." Under the NMHRA persons are defined as "one or more individuals." N.M. Stat. Ann. § 28-1-2(A) (1996 Repl.). Employers are defined as "any person employing four or more persons and any person acting for an employer." N.M. Stat. Ann. § 28-1-2(B) (1996 Repl.). ... I conclude that Plaintiff can state a cause of action against individual defendants in their individual capacities under the NMHRA.

*Sanchez*, slip op. at 5-6.

Judge Puglisi's reasoning is persuasive and this Court's memorandum opinion of June 23, 1997, is accordingly modified to hold Plaintiff's complaint does state NMHRA claims against the individual Defendants. *Cf. Jicarilla Apache Tribe v. Supron Energy Corp.*, 479 F. Supp. 536, 548 (D.N.M. 1979) ("Fairness and justice require that I right wrongs when it is in my power to do so. Revision of prior rulings in this action is within the scope of my authority.").

This is, however, not the end of the issue for as Defendants point out, as recognized in *Sanchez*, the NMHRA also requires Plaintiff name the individual Defendants as respondents in the proceeding before the State Human Rights Division. Defendants maintain Plaintiff did not exhaust these administrative remedies and Plaintiff presents no countervailing evidence or argument.

3

Plaintiff's NMHRA claims against the individual Defendants will therefore be dismissed unless Plaintiff adduces on the record evidence that these claims were presented to the New Mexico Human Rights Division and the administrative remedy properly pursued.

## **O R D E R**

The memorandum opinion of June 23, 1997, is modified insofar as it holds the NMHRA will not support claims against individual Defendants.  Plaintiff is further directed to bring forth evidence on the record that these claims were preserved in the proceeding before the New Mexico Human Rights Division or such claims will be deemed dismissed on December 1, 1997, for failure to exhaust administrative remedies.

Dated at Albuquerque this 21st day of November, 1997.

_____
BRUCE D. BLACK
United States District Judge

Counsel for Plaintiff
    Kathryn Hammel
    Los Lunas, NM

    Mary Y.C. Han
    Albuquerque, NM

Counsel for Defendants
    Judy K. Kelley
    Assistant City Attorney
    Albuquerque, NM